MICHAEL A. FARBSTEIN (CASB#107030)
RAMSEY F. KAWAR (CASB#213497)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Telephone: (650) 554-6200
Facsimile: (650) 554-6240
Email: maf@farbstein.com
Email: rfk@farbstein.com

Attorneys for Defendant TURNBULL WINE CELLARS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ, <br><br> Plaintiff, <br><br> vs. <br><br> TURNBULL WINE CELLARS, a California corporation, <br><br> Defendants. | CASE NO. 3:22-CV-00533-VC <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: May 12, 2022 <br> TIME: 10:00 a.m. <br> COURTROOM: 4, 17th Floor <br> JUDGE: Hon. Vince Chhabria |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on Thursday, May 12, 2022, at 10:00 A.M. before the Honorable Vince Chhabria in Courtroom 4, 17th Floor, of the United States Courthouse for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant TURNBULL WINE CELLARS ("Defendant") will and hereby to move the Court to dismiss the complaint.

As set forth in the accompanying Memorandum of Points and Authorities, there is

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF -** P a g e | 1
CASE NO. 3:22-CV-00533-VC

good cause for this motion to be granted. Plaintiff's claims are solely against the Defendant's website, and Plaintiff's allegations fail to establish liability under the Americans with Disabilities Act or California's Unruh Civil Rights Act. The Complaint lacks sufficient factual allegations under applicable pleading standards to establish a plausible entitlement to relief with respect to any of the claims asserted.

Accordingly, Defendant respectfully requests this action be dismissed without leave to amend.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

Respectfully submitted,

DATED: April 4, 2022                    FARBSTEIN & BLACKMAN
                                        A Professional Corporation

                                            /s/ Ramsey F. Kawar
                              By:    _____
                                        Michael A. Farbstein (SB#107030)
                                        Ramsey F. Kawar (SB#213497)
                                        Attorneys for Defendant
                                        TURNBULL WINE CELLARS

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………………1

    I.     INTRODUCTION……………………………………………………………………1

    II.    FACTUAL STATEMENT……………………………………………………………1

        A.  Plaintiff's Allegations……………………………………………………………..1

    III.   ARGUMENT…………………………………………………………………………3

        A.  Legal Authority……………………………………………………………………3

        B.  Plaintiff Fails to Allege Facts Sufficient to Find Liability Under the ADA………6

        C.  This Claim is Identical to *Gomez v. Trintas Cellars*, and *Gomez v. Smith*, Dismissed for Lack of Standing……………………………………………………..7

        D.  The Court Should Not Accept Supplemental Jurisdiction of the Unruh Act Claim…………………………………………………………………………… 8

    IV.   CONCLUSION……………………………………………………………………10

# TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y & H Corp*. (2006) 546 U.S. 500, 506-507) .......................................................... 3, 4

*Arroyo v. Rosas*, 2021 U.S. App. LEXIS 36510 .......................................................................... 9

*Ashcroft v. Iqbal,* 556 U.S. 662, ................................................................................................... 3

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ........................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) ........ 3

*Blair v. Bank of Am., NA*, 573 Fed. Appx. 665, 2014 WL 2069287 (9th Cir. 2014) ..................... 5

*Brown v. BPS Direct* 2014 US Dist. LEXIS 197419 at *10) ........................................................ 5

*Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012) ....................................... 5, 6

*Earll v. eBay, Inc.*, 2011 U.S. Dist. LEXIS 100360, 2011 WL 3955485, at *2
   (N.D. Cal. Sept. 7, 2011) .......................................................................................................... 5

*Gomez v. Smith*, 2022 U.S. Dist. LEXIS 6157 (N.D.Cal. Jan. 12, 2022) .................................. 7, 8

*Gomez v. Trinitas Cellars, LLC* (N.D.Cal. Mar. 9, 2022, No. 3:21-cv-09006-WHO) 2022
   U.S.Dist.LEXIS 41785) ..................................................................................................... 6, 7, 8

*Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist.
   LEXIS 8680, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). ......................................... 6, 8

*Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019) ..................................................... 5

*St. Clair v. Chico* (9th Cir. 1989) 880 F.2d 199, 200 .................................................................... 4

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ................................................................... 9

*Weyer v. Twentieth Century Fox Film Corp*, 198 F.3d 1104, 1114 (9th Cir. 2000) ..................... 5

*Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1177 (9th Cir. 2021) ....................................... 6, 7

*Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011 .................................... 5, 6

**Statutes**

42 U.S.C. § 12181(7) .................................................................................................................. 4, 5

Fed Rules Civ Proc 12(b)(6) ........................................................................................................... 3

Fed. Rule Civ. Proc. 12(b)(1) ..................................................................................................... 3, 4

Rule 12(h)(3) .............................................................................................................................. 3, 4

**Other Authorities**

W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA ................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Andres Gomez has filed a Complaint alleging Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act violations against Turnbull Wine Cellars ("Turnbull"). The Complaint alleges various accessibility-related claims against the website owned or operated by Turnbull in March 2021 and August 2021. Plaintiff has filed 31 similar lawsuits in the Northern California District in the first three months of 2022, the majority of which appear to be against wineries.

As stated in the caption of the Complaint, it is "Not Relating to a Construction-Related Barrier as Defined In Cal. Civ. Code 55.3." This action is a claim as to the Turnbull website, and is not a claim against the physical premises of Turnbull Wine Cellars.

Plaintiff's allegations fail to state how any alleged barriers of the website related to any access at the physical brick and mortar Turnbull winery. No court has held that website coding choices that do not impair access to a business' physical location violates the ADA. It is not enough to allege that the limited elements of the website were not compatible with Plaintiff's preferred screen reader software. Gomez does not allege that the physical winery is in any way inaccessible to the disabled. Nor does he allege that any website content actually impeded his access to the services provided at the physical Turnbull winery.

## II. FACTUAL STATEMENT

### A. Plaintiff's Allegations

Plaintiff Andres Gomez ("Plaintiff") alleges he is legally blind and uses screen reader software ("SRS") to navigate websites and applications. (Complaint, Doc.#1, ¶¶1, 11).

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF -** P a g e  **| 1**
CASE NO. 3:22-CV-00533-VC

He alleges that Turnbull Wine Cellars owns or operates the Turnbull Wines located in Napa County, California. (*Id.* at ¶3). He alleges that Turnbull Wine Cellars owns or operated the Turnbull Wine website, https//www.turnbullwines.com/ and all related subdomains and/or content contained within it (the "Website"). (*Id.* at ¶¶ 4-5).

The Complaint alleges a "nexus" between the Website and Turnbull's winery and the goods and services there. (*Id.* at ¶¶ 13-15, 37).

Plaintiff alleges that he "visited the Website in March 2021 and August 2021 with the intent to get information about wines sold at the vineyards and wine tasting tours." (*Id.* at ¶17). Plaintiff alleges that when he did so, he encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS. (*Id.* at ¶18). He alleges that:

"Investigation into his experience revealed barriers, including, but not limited to:

a. Images on the website lack a text equivalent readable by SRS.

b. The visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements.

These inaccessible elements rendered the ostensibly "accessible" elements inaccessible as a result of difficulty and confusion navigating the numerous inaccessible elements."

(*Ibid.*). Plaintiff alleges he made "multiple attempts" to access the Website, and alleges he was denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers on the Website. (*Id.* at ¶21).

Plaintiff alleges that he has been deterred from returning to the Website as a result. (*Id.* at ¶24).

Plaintiff describes himself as a "tester" who will return to the Website. (*Id.* at ¶27). Plaintiff suggests that the W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards "are a viable remedy" and that the standard "has been adopted by California courts." (*Id.* at ¶30).

Plaintiff's Complaint does not identify any barriers that made it more difficult or impossible for him to access any of the services of the <u>brick and mortar Turnbull Winery</u>. Plaintiff fails to allege how the alleged barriers deprived Plaintiff of full and fair enjoyment or denied him equal access to the <u>physical winery</u>. Plaintiff simply alleges that he was unable to view parts of the Website.

### III. ARGUMENT

#### A. Legal Authority

Fed Rules Civ Proc 12(b)(6) provides:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
…
(6) failure to state a claim upon which relief can be granted;

"The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' [Cites]." (*Arbaugh v. Y & H Corp*. (2006) 546 U.S. 500, 506-507).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Dismissal of a claim is warranted where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate.

In evaluating a motion to dismiss based on lack of standing, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court. *St. Clair v. Chico* (9th Cir. 1989) 880 F.2d 199, 200. "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' [Cites]." (*Arbaugh v. Y & H Corp.* (2006) 546 U.S. 500, 506-507).

The ADA provides a list of places which are considered "places of public accommodation," at 42 U.S.C. § 12181(7):

> (7) Public accommodation. The following private entities are considered public accommodations for purposes of this title [42 USCS §§ 12181 et seq.], if the operations of such entities affect commerce—
>
> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> (B) a restaurant, bar, or other establishment serving food or drink;
>
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
>
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

(G) a terminal, depot, or other station used for specified public transportation;

(H) a museum, library, gallery, or other place of public display or collection;

(I) a park, zoo, amusement park, or other place of recreation;

(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

(42 U.S.C. § 12181(7)). "The Ninth Circuit has held that, although this list is not exhaustive, it implies that the term 'place of public accommodation' requires some nexus "between the good or service complained of and an actual physical place." *Weyer v. Twentieth Century Fox Film Corp*, 198 F.3d 1104, 1114 (9th Cir. 2000) (see *also Blair v. Bank of Am., NA*, 573 Fed. Appx. 665, 2014 WL 2069287 (9th Cir. 2014))." (*Brown v. BPS Direct* 2014 US Dist. LEXIS 197419 at *10). "Several district courts within the Ninth Circuit have interpreted Weyer to mean that websites, **standing alone**, are not places of public accommodation. *See Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012); *Young v. Facebook, Inc.,* 790 F.Supp.2d 1110, 1115 (N.D.Cal. 2011); *Earll v. eBay, Inc.*, 2011 U.S. Dist. LEXIS 100360, 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011)." (*Ibid.*) [Emphasis added].

In *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019), the ADA claim there was viable because of a "nexus" between the claims regarding the website and the physical place

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - P a g e | 5**
CASE NO. 3:22-CV-00533-VC

of accommodation. (*Gomez v. Trinitas Cellars, LLC* (N.D.Cal. Mar. 9, 2022, No. 3:21-cv-09006-WHO) 2022 U.S.Dist.LEXIS 41785, at *7.)

### B. Plaintiff Fails to Allege Facts Sufficient to Find Liability Under the ADA

Here, mere problems or defects with the Turnbull website, including incompatibility with Plaintiff's preferred SRS, alone, do not establish liability under the ADA and Unruh Act. There must be a sufficient "nexus" between the website's offerings and a physical location that also falls under the ADA.  (*Please see Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115 (N.D. Cal. 2011, dismissing ADA claim against Facebook in part because "Facebook operates only in cyberspace, and is thus is not a 'place of public accommodation' as construed by the Ninth Circuit.") (*cited by Cullen v. Netflix, Inc.* (N.D.Cal. 2012) 880 F.Supp.2d 1017, 1023-1024.)

Plaintiff's ADA claim consists of alleging that several unidentified software coding elements of the Winery's marketing website were not accessible to his preferred screen reader software. (Compl., ¶ 18). Plaintiff makes no allegation that any part of the Winery itself is not accessible to the visually impaired or that there is anything significant about the content of the website that impairs his ability to access the Winery.

It follows that the allegations of inaccessible elements in the Turnbull website must specifically allege *how* the website denied Plaintiff full and equal access to the brick and mortar Turnbull winery. This pleading standard is required in the 9th Circuit. (*Please see Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1177 (9th Cir. 2021)).

Plaintiff must allege that the alleged inaccessibility related to a good or service of the physical location with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." (*Langer v. Pep Boys Manny Moe & Jack of Cal.* (N.D.Cal. Jan. 15, 2021, No. 20-cv-06015-DMR) 2021 U.S.Dist.LEXIS 8680, at *5.)

Here, Plaintiff does not allege what, if anything, about the difficulties he encountered were related to a good or service of the physical winery location. Without allegations that the Website impairs Plaintiff's access to the goods and services of the Turnbull winery itself, Plaintiff has failed to state a claim under the ADA and Unruh Act.

### C. This Claim is Identical to *Gomez v. Trintas Cellars*, and *Gomez v. Smith*, Dismissed for Lack of Standing

The issues raised here are the same in every respect to those of *Gomez v. Trinitas Cellars, LLC* 2022 U.S.Dist.LEXIS 41785 (N.D.Cal. Mar. 9, 2022), and *Gomez v. Smith*, 2022 U.S. Dist. LEXIS 6157 (N.D.Cal. Jan. 12, 2022) where the Court respectively dismissed Gomez' claims against another winery and against a real estate business for lack of standing, for these same reasons.[1]

The *Gomez v. Trinitas* court stated:

> I agree with [Defendant] Trinitas… that the Complaint must be dismissed (with leave to amend) on the narrower ground that it fails to adequately plead how the specific barriers deprived Gomez of full and fair enjoyment or denied him equal access to the winery. All that Gomez pleads about the barriers, as recounted above, is that (1) "[i]mages on the website lack a text equivalent readable by SRS," (2) "[t]he website contains script elements that are not identified with [*9] functional text readable by SRS," and (3) "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." None of these plausibly show how the alleged barriers denied his full and fair enjoyment. See *Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1177 (9th Cir. 2021) (requiring this as a matter of pleading in ADA cases). It seems possible, for instance, that Gomez was still able to read the webpage with SRS despite its contrast, that the unidentified images were not material, and that the unidentified script elements did not impact the experience of reading the webpage—the pleading is too vague to assess if this is so.
>
> This pleading problem also matters to whether the claims are cognizable under *Robles*. As a judge in this district recently explained in applying *Robles*, "a plaintiff who fails to allege any

---

[1] The Complaint filed in the *Gomez v. Trintas Cellars* matter is identical in almost every respect except for the name of the defendant.

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF -** P a g e | 7
CASE NO. 3:22-CV-00533-VC

connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 U.S. Dist. LEXIS 8680, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). Gomez does not allege that these issues impacted accessing the physical location. He has leave to amend to add further allegations.

(*Gomez v. Trinitas Cellars, LLC* (N.D.Cal. Mar. 9, 2022, No. 3:21-cv-09006-WHO) 2022 U.S.Dist.LEXIS 41785, at *8-9.).

As in *Gomez v. Trinitas*, Plaintiff Andres Gomez has failed to allege facts sufficient to establish a claim under the ADA.

The reasoning is also reflected in *Gomez v. Smith*. In *Gomez v. Smith,* the Court granted Smith's motion to dismiss after noting that Plaintiff "has not explained how he was deterred from utilizing services or obtaining goods at physical places of accommodation. (*Gomez v. Smith* 2022 U.S. Dist. LEXIS 6157 (N.D.Cal. Jan. 12, 2022), at *6). The court noted that:

> Gomez has offered conclusory statements in his complaint, stating that: "[t]he Website is a nexus between Real Estate's customers and the terrestrial based privileges, [*7] goods or services offered by Real Estate" and that "Real Estate operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments." Complaint ¶¶ 12-13. Gomez, though, has failed in his complaint to describe what that nexus is or even what the relevant physical place of public accommodation is, and thus has failed to plead an injury under the ADA. As Gomez cannot establish an injury under the ADA, he lacks standing, and the motion to dismiss under Rule 12(b)(1) is granted."

(*Id.* at *6-7). Here, Gomez also alleges against Turnbull in bare and conclusory fashion that a "nexus" exists between the Website and Turnbull's winery and the goods and services there. (Complaint, Dkt. 1, at ¶¶ 13-15, 37). Gomez never alleges what the nexus is or what the relevant physical place of public accommodation is at Turnbull. As with *Gomez v. Trinitas* and *Gomez v. Smith*, this motion to dismiss under Rule 12(b)(1) should be granted.

**D. The Court Should Not Accept Supplemental Jurisdiction of the Unruh Act Claim**

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - P a g e | 8**
CASE NO. 3:22-CV-00533-VC

*Arroyo v. Rosas*, 2021 U.S. App. LEXIS 36510 provides a healthy contrast with this instant action in terms of the exercise of supplemental jurisdiction. In *Arroyo,* the Plaintiff successfully moved for summary judgment on his ADA claims, which completely disposed of those claims. (*Id.* at *15). The district court articulated the California legislature's "special filing and pleading requirements" which "reflected the state Legislature's 'desire to limit the financial burdens California's businesses may face' from 'claims under the Unruh Act.' " (*Ibid.*) The district court then concluded that retaining jurisdiction of the Unruh Act claims after the ADA claims were disposed of would allow the plaintiff to evade those special restrictions. (*Ibid.*).

The Court further noted that "skyrocketing" number of cases filed in U.S. District Court appeared directly related to those restrictions in California state court. (*Id.* at *15-16). It concluded that this represented "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline supplemental jurisdiction over the Unruh Act claims. (*Id.* at *16). As the Court stated, "These circumstances are 'exceptional' in any meaningful sense of the term. (*Id.* at *23-24).

Having established that the circumstances were "exceptional," the question remained whether the district court abused its discretion under the *Gibbs* values: namely, "judicial economy, convenience[,] . . . fairness to litigants," and "comity." Gibbs, 383 U.S. at 726. (*Id.* at *27.) (*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966))

The 9th Circuit court decided that the factor of "judicial economy and convenience" was not satisfied in denying supplemental jurisdiction because of "**the very late stage at which the district court declined supplemental jurisdiction in this case.**" (*Id.* at *27) [Emphasis added]. In *Arroyo*, the pendant state law claim had effectively already been decided when the district court declined jurisdiction. (*Ibid*). In fact, "the district court's ADA ruling already established that Rosas has violated the Unruh Act, and it identified the specific respects in which she did so." (*Id.* at *27-28). It would therefore be "a sheer waste of time and resources to require that claim to be refiled in state court." (*Id* at *30).

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - P a g e  | 9**
CASE NO. 3:22-CV-00533-VC

Here, the exact opposite is true. **Unlike *Arroyo*, this case is in the very initial stages.** There has been no discovery or findings of fact. No formal inspections have taken place. There has been no determination of liability or damages.

*Arroyo* provides a strong analytical foundation for this Court to decline to exercise supplemental jurisdiction, having determined that standing does not exist for the ADA claims. Supplemental jurisdiction of the Unruh Act claims should be declined.

### IV.   CONCLUSION

For the reasons set forth above, this Motion should be granted. This this Complaint dismissed for failure to state a claim, in its entirety, and the Court should decline to retain supplemental jurisdiction of the Unruh Act claims.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: April 4, 2022 | FARBSTEIN & BLACKMAN<br>A Professional Corporation |
|  | */s/ Ramsey F. Kawar*<br>By: _____<br>Michael A. Farbstein (SB#107030)<br>Ramsey F. Kawar (SB#213497)<br>Attorneys for Defendant<br>TURNBULL WINE CELLARS |

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - P a g e | 10**
CASE NO. 3:22-CV-00533-VC

**CERTIFICATE OF SERVICE**
*Andres Gomez v. Turnbull Wine Cellars*
United States District Court, Northern District of California (San Francisco)
CASE #3:22-cv-00533-VC

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. On April 4, 2022, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS**
**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Raymond Ballister Jr., Esq., SBN 111282<br>Russell Handy, Esq., SBN 195058<br>Amanda Seabock, Esq., SBN 289900<br>Zachary Best, Esq., SBN 166035<br>Center for Disability Access<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA 92111 | Attorneys for Plaintiff Andres Gomez<br>Tel: (858) 375-7385<br>Fax: (888) 422-5191<br>Email: amandas@potterhandy.com<br>Email: rballister@potterhandy.com<br>Email: rhandy@potterhandy.com<br>Email: zbest@potterhandy.com |

[ ]  by transmitting via electronic mail on this date from stf@farbstein.com the document(s) listed above to the email address(es) set forth herein.
Service by electronic mail was made by agreement of the parties confirmed in writing.

[**XX**]  [VIA NOTICE OF ELECTRONIC FILING - ECF]: I served the above-referenced document(s) through ECF to the parties or their counsel as listed on the Certificate of Service above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed at San Mateo, California, on April 4, 2022.

//s// *Suzanne T. Farbstein*
_____
SUZANNE T. FARBSTEIN