CENTER FOR DISABILITY ACCESS
Mark Potter, Esq. SBN 166317
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
Mark@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF CALIFORNIA

**Andres Gomez**,

    Plaintiff,

v.

**Turnbull Wine Cellars,** a California Corporation;

    Defendant.

Case No. 3:22-cv-00533-VC

**Declaration of Mark Potter in response to Order to Show Cause**

1. I, the undersigned, am one of the attorneys for plaintiff and in that capacity have familiarity with court's concerns in this matter. I can competently testify to the following based on my own knowledge and experience.

2. I submit this declaration in response to the Court's Order to Show Cause and the information requested therein. Accordingly, while I want to fully comply with the Court's Order to provide certain information requested by the Court, I am doing so without waiving the attorney-client privilege or the attorney work product, all of which is expressly reserved. Moreover, if appropriate, I am willing to provide the Court with additional information through an *in camera* process so that any and all privileges,

including those held by clients who are not currently before the Court and who have not been provided notice or an opportunity to object and/or consent to any disclosure, are properly preserved.

3. I am a named partner of the firm and have created the processes by which our firm conducts intakes.

4. Every case filed by our firm is the result of a complaint brought to us by a client. These complaints come in many forms due to the nature of our clients' various disabilities, some via phone, some via email or other formats.

5. The specific processes that are utilized by my firm in each case are protected by the attorney-client privilege and the attorney work product doctrine, but they generally involve conferring with the client about their experience at the business or reviewing their statement regarding the encounter as well as reviewing any corroborating documents. All of this reviewed to allow Rule 11 vetting of the case.

6. I have a relationship with each of our clients providing them advice about their cases. Before agreeing to represent a client I ensure that they have sufficient understanding of their obligations as a plaintiff in their litigation to maintain standing. In some cases, where a client is upset about treatment by a business and will not go back, we will not file that claim with an injunctive relief claim. Not all of our clients are testers. When the client is a tester, such as the plaintiff in this matter, this involves educating them about the requirements of tester status and the different standing requirements to bring claims under state and federal law. Our clients have regular conversations with attorneys at our firm throughout their cases in which these obligations are reinforced to them. When our firm believes that a client does not have standing, we do not pursue the claim.

7. In this case, the client provided his observations and experiences from his encounter and information pertaining to the website and the dates of his visit. Based on the information provided I am satisfied that the client personally visited the website.

8. As we do in all website-based cases, we further investigated the factual basis for the barriers that the client identified by viewing the subject website as well as running software checks on the accessibility of the site. This investigation provided confirmation that the site was non-compliant.

9. Our firm is aware of the requirements for standing as articulated by the Ninth Circuit in *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017). In that case, the Ninth Circuit expressly held that "[t]he named Plaintiffs need not intend to visit the hotels until after remediation." *Ibid.* (quoting the Ninth Circuit's holding in *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002) that "under the ADA, once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury:")  As such, when a client of ours has encountered a barrier, an injury-in-fact has occurred, and that injury is continuous and on-going as long as the conditions persist.

10. However, we are aware that our clients need to have a future connection with the website for a claim to be justiciable, though their motives in returning to the website are irrelevant and can be for the purpose of confirming compliance with access standards. *Id.* at 1101. While the specific details of my conversation with my client are privileged, I am satisfied that he intends to return to the website to confirm removal of the barriers when it is ripe to do so. In furtherance of this, my firm tracks the

1  resolution of claims and when defendants have agreed to remove
2  barriers. We will provide the client that information when this matter is
3  either resolved or settled to aid in his return to the website when the
4  barriers have been removed after the conclusion of the case.
5  11. I have spoken with the client about this case and I am confident he will
6  follow through on his expressed intentions to return.

I declare, under penalty of perjury of the laws of the United States, that the foregoing is true and accurate.

Dated: May 10, 2022                    CENTER FOR DISABILITY ACCESS

By: /s/ Mark Potter
Mark Potter
Attorneys for Plaintiff